# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**PERRY GENE VANDERFORD,**

    **Plaintiff,**

vs.                                                      **Case No. 4:24cv243-MW-MAF**

**RICKY D. DIXON,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

An Order was entered on July 3, 2024, advising Plaintiff, an inmate proceeding pro se and in forma pauperis, that his civil rights complaint, ECF No. 1, filed under 42 U.S.C. § 1983, was insufficient to proceed. ECF No. 6. The Order explained the various reasons the initial complaint was insufficient as to Plaintiff's three named Defendants (Secretary Ricky D. Dixon, the Internal Revenue Service [IRS], and the Department of Corrections' Inmate Trust Fund). However, Plaintiff was provided an opportunity to file an amended complaint if he believed there was a basis to proceed. *Id.*

Plaintiff has now filed a first amended complaint against Defendant Ricky D. Dixon, Secretary of the Florida Department of Corrections. ECF No. 7. The amended complaint has been reviewed as required by 28 U.S.C. § 1915A.

Plaintiff's claim is brought against Defendant Dixon in his individual capacity as well as his official capacity. ECF No. 7 at 2. In general, Plaintiff claims the Department of Corrections [DOC] improperly withdrew funds from Plaintiff's inmate bank account. *Id.* at 3. Plaintiff alleges that he received two Economic Impact payments from the IRS in the wake of the COVID-19 pandemic totally $3,200.00. *Id.* He contends that at some point in 2021, the DOC took $2,400.00 of that money without his permission. *Id.* He alleges the DOC "refuses to respond" to his complaints and the IRS has not resolved the issue which has been pending since 2022. *Id.* at 4.

Plaintiff presented only a Fourteenth Amendment claim, asserting that the Defendant discriminated against him and treated him "wrongly and differently than Americans not in prison" by removing funds from his account. *Id.* at 5. Plaintiff requests this Court contact the IRS and order an investigation, and to award monetary damages as deemed "appropriate for relief." *Id.*

Case No. 4:24cv243-MW-MAF

To the degree Plaintiff has named the Defendant in his official capacity and seeks monetary damages, that claim is barred.  An official capacity claim is just "another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985).  Absent limited exceptions, the State of Florida and its agencies are immune from suit in this Court by force of the Eleventh Amendment.  Carr v. City of Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990); *see also* Kentucky v. Graham, 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985) (reiterating that "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court").  That "bar remains in effect when State officials are sued for damages in their official capacity." Kentucky, 473 U.S. at 169, 105 S.Ct. at 3107; *see also* Odebrecht Const., Inc. v. Secretary, Fla. Dep't of Transp., 715 F.3d 1268, 1289 (11th Cir. 2013) (same).  Thus, a suit under § 1983 against a state official sued in his official capacity - in other words, Plaintiff's suit against Defendant Ricky Dixon - is barred unless it meets one of three exceptions.  Those exceptions are not met in this case and Plaintiff's official capacity claim is barred by the Eleventh Amendment.

Case No. 4:24cv243-MW-MAF

Plaintiff's individual capacity claim is insufficient as well for two reasons. The first reason is that Plaintiff has not provided any allegations which reveal that Defendant Dixon personally withdrew money from Plaintiff's account. Plaintiff does not describe any action taken by Defendant Dixon which caused him harm and, therefore, the complaint fails to state a claim against Defendant Dixon.

The second reason this claim is insufficient was previously explained to Plaintiff in the prior amendatory Order, ECF No. 6. That is, well established case law has rejected Plaintiff's claim as insufficient. The reason is that "Florida law affords him an adequate post-deprivation remedy." Hudson v. Palmer, 468 U.S. 517, 533 (1984); Porter v. White, 483 F.3d 1294, 1307 (11th Cir. 2007) (holding that the "unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available") (quoted in Israel v. Taylor CI Warden, No. 22-11116-E, 2022 WL 4846134, at *1 (11th Cir. July 25, 2022) (dismissing appeal as frivolous where Plaintiff challenged that DOC had taken "some or all of his three economic impact stimulus payments")). In light thereof, Plaintiff's amended

complaint must be dismissed for failure to state a claim upon which relief may be granted.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 7, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on July 19, 2024.

  S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ.

**P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**